**RECORD NO. 13-4283**

# In The
# United States Court Of Appeals
# For The Fourth Circuit

**UNITED STATES OF AMERICA,**

*Plaintiff – Appellee,*

v.

**FLORENTINO CASTANEDA-PELAEZ,**
**a/k/a Florentino Castanada-Palaez,**
**a/k/a Alejandro Mendoza-Rivielo,**

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO**

———————

**BRIEF OF APPELLANT**

———————

**J. Clark Fischer**
**RANDOLPH & FISCHER**
**318 Indera Mills Court**
**Winston-Salem, NC  27101**
**(336) 724-3513**

*Counsel for Appellant*

*Gibson*Moore Appellate Services, LLC
421 East Franklin Street  ♦  Suite 230  ♦   Richmond, VA  23219
804-249-7770  ♦   www.gibsonmoore.net

**TABLE OF CONTENTS**

**PAGE:**

TABLE OF AUTHORITIES..............................................ii

STATEMENT OF APPELLATE JURISDICTION...............................1

STATEMENT OF ISSUE PRESENTED......................................1

STATEMENT OF THE CASE.............................................1

STATEMENT OF FACTS................................................2

SUMMARY OF ARGUMENT...............................................2

ARGUMENT..........................................................2

    THE DISTRICT COURT ABUSED ITS DISCRETION IN IMPOSING A SENTENCE ABOVE THE APPLICABLE GUIDELINES WITHOUT ADEQUATE EXPLANATION................................................2

    I.   APPLICABLE STANDARD OF REVIEW........................2

    II.  THE DISTRICT COURT FAILED TO PROPERLY EXPLAIN WHY ITS SIGNIFICANT UPWARD DEPARTURE FROM APPELLANT'S GUIDELINE RANGE WAS REQUIRED BY THE 3553(a) FACTORS...............................................3

CONCLUSION........................................................6

REQUEST FOR ORAL ARGUMENT.........................................6

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

**TABLE OF AUTHORITIES**

**PAGE(S):**

**CASES:**

Gall v. United States,
    552 U.S. 38, 128 S. Ct. 586, 169 L. Ed. 2d 445 (2007)...4, 5

Rita v. United States,
    551 U.S. 338, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007)....4

United States v. Engle,
    592 F.3d 495 (4th Cir. 2010) ..........................4, 5

United States v. Morace,
    594 F.3d 340 (4th Cir. 2010) ..........................2, 4

United States v. Susi,
    674 F.3d 278 (4th Cir. 2012) ............................3

**STATUTES:**

9 U.S.C. § 1326............................................1

18 U.S.C. § 3553(a).....................................3, 5

28 U.S.C. § 1291..........................................1

**RULE:**

Fed. R. App. P. 4(b)......................................1

**STATEMENT OF APPELLATE JURISDICTION**

This appeal is taken from a final Judgment of the District Court which disposed of all pending issues. Appeal is taken as a matter of right pursuant to Rule 4(b) of the Federal Rules of Appellate Procedure, and this Court has jurisdiction pursuant to 28 U.S.C. sec. 1291.

**STATEMENT OF ISSUE PRESENTED**

**WHETHER THE DISTRICT ERRED IN IMPOSING A SENTENCE SUBSTANTIALLY ABOVE THE GUIDELINE RANGE BASED UPON AN EXPLANATION THAT WAS BOTH PROCEDURALLY AND SUBSTANTIVELY INADEQUATE?**

**STATEMENT OF THE CASE**

Arrest warrant issued September 28th, 2012, charging Defendant with illegal reentry by a previously-deported alien in violation of 9 U.S.C. sec. 1326. (App. 1, p. 2) The Grand Jury for the Middle District of North Carolina returned true bill of indictment on October 29th, 2012. (App. 1, p. 7) Defendant entered plea of guilty before the Honorable N. Carlton Tilley, Senior United States District Judge, on December 4th, 2012. (App. 1, p. 20)

On March 14th, 2013, the Court sentenced Defendant to imprisonment for 24 months, which was 8 months higher than the top end of the advisory Guideline range, (App. 1, pp. 68-73) The judgment was filed April 8th, 2013. (App. 68)

Defendant gave timely Notice of Appeal on April 11th, 2013. (App. 1, p. 74)

**STATEMENT OF FACTS**

As set forth in the Government's Factual Basis document, Defendant is a citizen of Mexico. (App. 1, p. 15) On April 30th, 1993, Defendant was deported following a state court conviction for assault. Id. On June 25th, 1998, Defendant was convicted in the United States District Court of Georgia, Atlanta Division, for illegal re-entry and sentenced to ten months imprisonment, (App. 1, p. 16) He was convicted of a second illegal re-entry offense in the same court on April 24th, 2008, this time receiving a thirty-six month prison sentence. (App. 1, p.17)

On September 9th, 2011, Defendant was located in Forsyth County, North Carolina. Id.

**SUMMARY OF ARGUMENT**

The District Court's cursory explanation for a sentence substantially above Appellant's Guideline range was both procedurally and substantially inadequate to justify the sentence imposed.

**ARGUMENT**

**THE DISTRICT COURT ABUSED ITS DISCRETION IN IMPOSING A SENTENCE ABOVE THE APPLICABLE GUIDELINES WITHOUT ADEQUATE EXPLANATION**

**I.   APPLICABLE STANDARD OF REVIEW.**

In reviewing criminal sentences, the Court must "first ensure that the district court committed no procedural error," including "an explanation for any deviation from the Guidelines range. United States v. Morace, 594 F.3d 340, 345 (4th Cir. 2010)

2

If the Court finds no significant procedural error, the Court then considers the reasonableness of the sentence under an abuse-of-discretion standard. Id. See also, United States v. Susi, 674 F.3d 278, 282 (4th Cir. 2012)

**II. THE DISTRICT COURT FAILED TO PROPERLY EXPLAIN WHY ITS SIGNIFICANT UPWARD DEPARTURE FROM APPELLANT'S GUIDELINE RANGE WAS REQUIRED BY THE 3553(a) FACTORS**

Based upon an uncontested total offense level of 10 and a criminal history category of III, all parties agreed that Defendant's advisory guideline range was 10-16 months. After hearing arguments from counsel and considering the Presentence Report, the district court gave the following explanation for imposing a sentence a third higher than the top end of the Guidelines:

> I think he has a strong argument, that Mr. Pelaez appeared in federal court in the late 90's, got 10 months, returned here around 2007 in federal court, got 36 months, and as the Government mentioned, shortly after supervised release expired, he's back again, so I do believe that the 16 months is insufficient to address Mr. Pelaez and his propensity to return, as well that he has committed acts of violence involving children as well as his former spouse.
>
> **THE INTERPRETER:** Would you repeat that, Your Honor?
>
> **THE COURT:** As well as his former spouse. I would find that a sentence of 24 months might address what he has done, but I'm still not sure that's sufficient to do so.
> (App. 1, pp. 64-5)

Defendant respectfully suggests that the Court's statement of reasons for the above-Guidelines sentence was procedurally insufficient to justify the sentence imposed.

3

> Although a comprehensive, detailed opinion is not necessarily required, the court's explanation must nonetheless be sufficient "to satisfy the appellate court that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decision-making authority." Rita v. United States, 551 U.S. 338, 356, 127 S. Ct. 2456, 168 L. Ed. 2d 203 (2007); see also (United States v.) Gall, 552 U.S. at 50, 128 S. Ct. 586 ("After settling on the appropriate sentence, [the district court] must adequately explain the chosen sentence to allow for meaningful appellate review and to promote the perception of fair sentencing."). United States v. Engle, 592 F.3d 495 (4th Cir. 2010)

Distilled to its essence, the Court justified its sentence because Castaneda-Pelaez was a repeat offender and had been involved in acts of domestic violence in the past. However, the District Court did not reference any policy statement or any substantive aspect of the Guidelines at all. The District Court likewise failed to explain with any specificity why these factors, both of which were considered in the calculation of Appellant's criminal history and therefore were part of the initial Guidelines calculations, justified the sentence imposed. Therefore, under the authority of Morace and Engle, supra, the District Court's de minimis statement of explanation creates a procedural deficiency in Appellant's sentence.

Even should the Court reject Appellant's procedural argument, there is also a serious question as to the objective reasonableness of the sentence. A one/third upward departure is significant, and is only merited if the Guideline sentence is

4

clearly insufficient after due consideration of the 3553(a) factors. The law is undisputed that a District Court must articulate a meaningful basis for a decision to reject the Guideline sentencing range. On this issue the decision of this Court in Engle, supra, is quite instructive. There the defendant pleaded guilty to tax evasion, and had a Guideline sentencing range of 24-30 months. Nevertheless, the District Court chose a sentence of probation with home detention. On the Government's appeal this outside-the-Guidelines sentence was reversed due to the District's failure to properly state its reasons for deviating from the Guidelines. Specifically, this Court noted that trial tribunals must give appropriate consideration to the Guidelines, including policy statements, and explain any deviation in more than cursory fashion.

> Nonetheless, given the facts of the case and the degree of the variance, we find the record insufficient to permit even the routine review for procedural reasonableness required in cases involving an outside-the-Guidelines sentence. See Gall, 552 U.S. at 50, 128 S. Ct. 586 (explaining that if the sentencing judge "decides that an outside-Guidelines sentence is warranted, he must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance. We find it uncontroversial that a major departure should be supported by a more significant justification than a minor one.") Engle, at 502

This principle, of course, applies with equal weight whether the a Guideline deviation is upward or downward.

5

Here the Court did not conclude that Appellant's criminal history was significantly under-represented. Defendant respectfully submits that both the severity of his offense and criminal history were appropriately reflected by the 10-16 month Guideline range, and that the District Court failed to sufficiently elucidate the basis for either the upward departure itself or the degree of the departure. Therefore, under the authorities cited above, Appellant is entitled to a new sentence hearing.

## CONCLUSION

For the reasons set forth herein, Appellant respectfully requests that his sentence be vacated and the case remanded for a new sentencing hearing.

## REQUEST FOR ORAL ARGUMENT

Counsel for appellant hereby requests oral argument on the issue raised herein.

Respectfully submitted, this the 9th day of July, 2013.

>/s/ J. Clark Fischer
>J. Clark Fischer
>**RANDOLPH AND FISCHER**
>318 Indera Mills Court
>Winston-Salem, NC  27101
>(336) 724-3513
>NCSB#9217
>clarkf@randolphandfischer.com
>
>*Counsel for Appellant*

6

**CERTIFICATE OF COMPLIANCE WITH RULE 32(a)**

**Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements**

1. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

    this brief contains 1,267 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

    this brief has been prepared in a mono-spaced typeface using Microsoft Word in 12 point Courier New.

                                        /s/ J. Clark Fischer
                                        J. Clark Fischer

                                        *Counsel for Appellant*

Dated: July 9, 2013

**CERTIFICATE OF FILING AND SERVICE**

I hereby certify that on July 9, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notice of such filing to the following registered CM/ECF users:

    Kyle D. Pousson
    OFFICE OF THE
       UNITED STATES ATTORNEY
    United States Courthouse
    101 South Edgeworth Street
    P. O. Box 1858
    Greensboro, NC  27401

    *Counsel for Appellee*

The necessary filing and service were performed in accordance with the instructions given to me by counsel in this case.

                        /s/ Shelly N. Gannon
                        Shelly N. Gannon
                        GIBSON MOORE APPELLATE SERVICES, LLC
                        421 East Franklin Street, Suite 230
                        Richmond, VA  23219